UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

    v.                12-CR-301S

**MISTY MIHALKO**

      **Defendant.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Text Order of Referral dated September 20, 2012.

## PRELIMINARY STATEMENT

The defendant, Misty Mihalko ("Mihalko"), along with seven others, is charged in an eight-count, Indictment (Dkt. #1) with conspiracy to commit firearms offenses (Count 1) and transporting firearms purchased outside of New York State into New York State (Count 2). Presently pending is Mihalko's omnibus discovery motion. Dkt. #66. This Court's Report, Recommendation and Order on defendant Mihalko's motion to suppress will be filed separately. What follows is this Court's Decision and Order addressing defendant Mihalko's non-dispositive omnibus discovery motion.

**DISCUSSION AND ANALYSIS**

**Exclusion of Statements by Non-testifying Co-conspirators**

Pursuant to *Bruton v. United States*, 391 U.S. 123 (1968) and the Sixth Amendment to the United States Constitution, the defendant requests that the Court preclude the admission into evidence of all post-arrest statements by non-testifying co-conspirators/co-defendants which may implicate the defendant in any way. Dkt. #66, ¶¶11-14. In support of her request, defendant Mihalko claims that she "has received discovery of post-arrest statements by some coconspirators or co-defendants, however, she cannot know whether the government will seek to use such evidence against her, or even if other statements exist." *Id*. at ¶14.

In its response, the government states that "[t]he government may introduce statements of non-testifying co-conspirators as proof of the conspiracy." Dkt. #77, p.3. Because Rule 801(d)(2)(E) of the Federal Rules of Evidence does not contain a required pretrial notice, there is no requirement on the part of the government to make any such disclosure of this type of evidence at this time. As a result, defendant's request in this regard is denied. Any request to exclude such statements at the trial, is a matter left to the discretion of the trial judge.

**Bill of Particulars**

The defendant seeks the following information with respect to Count 1 of the Indictment: the exact date defendant Mihalko joined the alleged conspiracy; the

manner in which she joined the conspiracy; the identity of all known, but unnamed co-conspirators; each individual with which defendant Mihalko had an agreement with respect to the conspiratorial goal and the nature of any such agreements; whether it is alleged that defendant Mihalko had knowledge of the purchasing and transportation of the firearms; exactly how she "knew" of the purchasing and/or transportation of the firearms; the specific locations in the Western District of New York in which defendant Mihalko engaged in the conspiracy; the other unnamed locations in which the conspiracy took place; the precise conduct of defendant Mihalko alleged to establish the conspiracy elements of combination and agreement; the overt acts of defendants intended to be proven at trial; the exact date, time and place these alleged offenses occurred; the identity of the alleged purchasers including any confidential informant and/or police officers or others acting on behalf of the government. Dkt. #66, ¶16(a)-(m).

In its response to defendant Mihalko's request for particularization of the conspiracy charge, the government asserts that what the defendant seeks is a bill of particulars regarding the development of and the defendant's involvement throughout the conspiracy. In addition, the government asserts that it should not be required to furnish particulars relating to the formation of a conspiracy, including when and how it was formed and when a particular defendant joined, because such details need not be proven at trial. Finally, the government states,

> In the instant case, it must be noted the defendant fails to articulate any facts upon which the Court could conclude the defendant has met his [sic] burden of establishing need. As

> set forth in the Indictment, this is a straight-forward gun
> conspiracy. The defendant has been provided with all
> discovery in this matter. In light of this information, the
> discovery provided to the defense, and the straight-forward
> nature of case, there is no need for a bill of particulars.

Dkt. #77, p.7 (internal citations omitted).

It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The straight-forward nature of the charges in the Indictment, along with the discovery materials provided by the government, clearly inform the defendant of the essential facts of the crimes charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose. Accordingly, defendant's request for a bill of particulars is denied.

> A bill of particulars should be required only where the
> charges of the indictment are so general that they do not
> advise the defendant of the specific acts of which he is
> accused." *United States v. Feola*, 651 F. Supp. 1068, 1132
> (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert.
> denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72
> (1989); *see also United States v. Leonelli*, 428 F. Supp. 880,
> 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars
> rests within the sound discretion of the district court." *United
> States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing
> *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.),
> *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474
> (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d
> [572] at 574 [(2d Cir. 1987)]. "Acquisition of evidentiary
> detail is not the function of the bill of particulars." *Hemphill*

v. United States, 392 F.2d 45, 49 (8th Cir.), cert. denied, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990); see also United States v. Chen, 378 F.3d 151, 163 (2d Cir.), cert. denied, 543 U.S. 994 (2004); United States v. Porter, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), cert. denied, 128 S.Ct. 1690 (2008).

*Giglio* **Material**
*Brady* **Material**

In two separate requests the defendant is seeking the disclosure of *Brady* and *Giglio* material. Dkt. #66, ¶¶18-19 and 24. In its response the government states,

> The government is fully aware of its obligations and responsibilities under Brady and acknowledges its continuing duty under Brady to produce such material, if and when it is aware of it. In this case, the government agrees to provide impeachment Brady material, i.e., promises of leniency or immunity agreements with government witnesses, plea and/or non-prosecution agreements and letters or memorandum of understanding regarding such, criminal arrest records of all prosecution witnesses, immoral, vicious or criminal acts committed by witnesses, prior inconsistent statements, any payments to witnesses or family members thereof, and all other promises or considerations given by government personnel to government witnesses or family members thereof, in accordance with the schedule set by the District Court prior to trial and no later than when the government produces and delivers the Jencks Act material in this case. Courts have routinely held that a prosecutor's compliance with the disclosure of material under the Jencks Act is timely disclosure under Brady.

Dkt. #77, pp.8-9.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id.* at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* Act statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his/her direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government as to its obligations under *Brady* and *Giglio,* the defendant's request is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Early Disclosure of *Jencks* Act Material**

By this request, the defendant seeks the early disclosure (forty-eight (48) hours before trial) of witness statements pursuant to Title 18, United States Code, Section 3500. Dkt. #66, ¶¶20-22. In its response, the government states, "[t]he government will provide all Jencks material not less than forty-eight (48) hours prior to the trial in this case as requested by the defendant." Dkt. #77, p.10.

As noted above, with respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* Act statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his or her direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government, that it will comply with the defendant's request concerning the early disclosure of witnesses' statements, the defendant's request is denied. Notwithstanding the foregoing, the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v.*

*Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Identity of Informants**

The defendant requests the disclosure of the identity and addresses of any government informants. Dkt. #66, ¶¶23(a)-(o). In its response, the government states that the defendant has not satisfied her burden of showing a particularized need for such disclosure. Dkt. #77, p.11. In order to be entitled to the requested information, the defendant must sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case. Moreover, the Court notes that the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is instructive:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the

> crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* *See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).
>
> The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lilla*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jiminez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997). Absent the defendant stating a basis for requiring the disclosure

of this information or that the testimony of the informant would be of even marginal value to the defendant's case, the defendant's request is denied without prejudice.

**Discovery**

Under the heading "Discovery," defendant Mihalko seeks an Order from this Court directing the government to disclose documents and information enumerated in twenty-three separate requests (with numerous sub-parts). Dkt. #66, ¶¶24-48. In its response, the government states that, "it has provided all discovery required under Rule 16 or has made such discovery available to inspection by defense counsel. The government is aware of its obligation to provide continuing Rule 16 discovery if and when such becomes known to the government, and agrees to comply with this requirement." Dkt. #77, p.12. Based on the representations made by counsel for the government that all required Rule 16 disclosures have been made or have been made available, defendant's request is denied.

**Rule 404(b) Material**

In her request, the defendant states,

> [p]ursuant to Rules 12(b)(4), (d)(1) and (2) of the Federal Rules of Criminal Procedure, and Rules 104(a) and 404(b) of the Federal Rules of Evidence, Mr. Evans [sic] respectfully requests that the government notify him [sic] of any evidence that the government contends would be admissible under Rule 404(h) [sic] of the Federal Rules of Evidence.
>
> Ms. Mihalko also requests pretrial disclosure of any evidence the government intends to use to impeach

> Defendant's credibility if he [sic] should choose to testify. In the event that [sic] government intends to use such evidence, the defendant requests a pretrial hearing to determine the admissibility of such evidence.

Dkt. #66, ¶¶49-50. In its response, the government states that, "[t]he government will provide notice of Rule 404(b) information to the defense, pursuant to the District Court's scheduling order." Dkt. #77, p.13.

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial." (Emphasis added). Insofar as the government has indicated that it intends to comply with any pretrial disclosure order entered by the trial judge and further, that it understands its disclosure obligations, defendant's request is denied as moot. The Court notes that the issue of admissibility of such evidence pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial.

**Preservation of Agent Notes**

By this request, the defendant seeks an Order from this Court requiring all government agents and officers who participated in this investigation to retain and preserve all investigative notes generated during the investigation, as well as a list of otherwise discoverable documents that have been destroyed. Dkt. #66, ¶¶51 and 52. In its response, the government states, "[a]ppropriate instructions will be given to the agents involved in the investigation regarding the preservation of evidence." Dkt. #77, p.14.

Although perhaps unnecessary, based on the representations made by counsel for the government concerning its acknowledgment that appropriate instructions will be given to the agents, the express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law. Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . . We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976). Accordingly, the government is hereby directed to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* Act material in this case.

**Rule 807 Disclosure**

By this request defendant Mihalko seeks pretrial notice of the government's intention to proffer statements or evidence pursuant to the residual hearsay exception in Rule 807 of the Federal Rules of Evidence. Dkt. #66, ¶¶54-56. In its response, the government states that it will provide the defendant with any 807 evidence sought to be introduced during the government's case-in-chief, prior to trial. Based on the representations made by the government, defendant Mihalko's request for pre-trial notice is denied as moot.

**Joinder**

The defendant seeks to join in any motion filed by any of her co-defendants. Dkt. #66, p.19. This request is granted with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests contained in the motions in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Leave to Submit Further Motions**

By this request, the defendant "reserves the right to make further and additional motions that may be necessary based on any ruling of this or any other court during the pendency of this matter." Dkt. #66, ¶59. This request is granted provided that any additional bases for relief are based on facts or information learned by reason

of the continuation of the investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's Decision and Order.

**Government's Request for Reciprocal Discovery**

In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery. Dkt. #77, p.13. The government has requested that the defendant permit it to inspect and copy all books, papers, documents, photographs and other tangible objects which the defendant intends to introduce as evidence-in-chief at the trial. In addition, the government seeks to inspect all reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant along with written summaries of expert witness testimony that the defendant intends to use at trial. Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and

Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:  Buffalo, New York
        September 5, 2013

                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**